JOANOS, Judge,
concurring and dissenting in part.
Appellant raised three points on appeal.
The first point was a challenge to PERC’s jurisdiction of the subject matter. On this point, I concur with the majority’s determination that PERC had jurisdiction.
In the second point, appellant argued that PERC erred by holding that appellant violated section 447.509, Florida Statutes (1983), by prohibiting literature distribution in work areas. I agree with appellee, Support Personnel Association of Lee County, in their view that Appellant’s point misconstrues the order. The order did not find as urged by appellant, but found that the School Board violated Section 447.501(l)(a), Florida Statutes (1988), by prohibiting not only literature distribution in work areas but in nonwork areas during non working hours as well. In its order the commission reinforced the hearing officer’s finding that Dennis Barnhouse was prevented from distributing SPALC literature in non-work areas during non-work hours. The commission found that Soucie’s testimony suggested distribution anywhere on the building premises was forbidden. I agree with ap-pellee that there was competent substantial evidence to support that determination and would affirm on the point. I see no need to require PERC to rewrite the order in regard to this point.
Appellant’s third point was that PERC erred by holding that SPALC should have access to the School Board’s bulletin boards. I generally concur with the majority’s handling of this point. In essence, SPALC should be given the opportunity to use an appropriate bulletin board but it does not have to be one that is restricted for use by employees in exchanging personal messages.
I also concur in the majority’s view as to School District Policy 2.19. The language of that policy was not the problem. However, it was the interpretation given the policy that led to the commission of unfair labor practices. The record reveals competent substantial evidence to support the commission’s finding that the same areas in which Barnhouse distributed SPALC materials were not considered work areas when he was promoting AFSCME, the incumbent bargaining agent. Barnhouse testified that he had express permission from the director to distribute AFSCME materials, but had been specifically prohibited from distributing SPALC information to other employees. It is clear that the school board impermissibly enforced Policy 2.19 in a discriminatory manner.
As to attorney’s fees on appeal, since my view is that appellee’s position should substantially prevail, I would grant attorney’s fees.